### In re BISHOP'S ESTATE.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

1. REFERENCE—POWER TO REFER—SURROGATE COURT.

Under Code, § 2546, providing that, in a special proceeding other than one instituted for probate or revocation of probate of a will, the surrogate may, in his discretion, appoint a referee to take and report to the surrogate the evidence on the facts as on a specific question of fact, and that such referee has the same power, and is entitled to the same compensation, as a referee appointed by the Supreme Court for the trial of an issue of fact in an action, and that the provisions of this act applicable to a reference by the Supreme Court apply to a reference made

as prescribed in this section, so far as they can be applied in substance without regard to the form of the proceeding, the surrogate had authority to appoint a referee to take evidence on a question of fact as to the residence of a testator at the time of his death, to determine the liability of his estate for taxation.

2. SAME—QUESTION OF FACT.

Where an appraiser reported to the surrogate the property of a testator in New York which was subject to taxation, and counsel for the Comptroller moved that the matter be sent back to the appraiser, to ascertain and report the property not in the state, but which would be subject to taxation if the testator was a resident of the state, a question of fact was presented to the surrogate for decision as to the place of testator's residence at the time of his death, which question the surrogate had power to refer.

Appeal from Surrogate's Court, New York County.

In the matter of the appraisal, under the act in relation to taxable transfers of property, of the property of David Wolfe Bishop, deceased. From an order refusing to confirm the finding of the appraiser that the testator at the time of his death was a resident of New York, and ordering that the question of such residence be referred to a referee, who was directed to take testimony in respect thereto, and to report the same, with his opinion thereon, to the court, the Comptroller appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, HOUGHTON, and CLARKE, JJ.

James J. McEvilly, for appellant.

Herbert Parsons, for respondent.

INGRAHAM, J. This proceeding was instituted by the executors of the estate of David Wolfe Bishop, asking that the property of the testator subject to tax be appraised, and upon that petition the surrogate designated one of the appraisers "to fix the fair market value at the time of transfer of the property which was of the above-named decedent, and which is subject to the payment of any tax." The parties appeared before the appraiser, their testimony was taken, and evidence was offered by the Comptroller which it was claimed tended to show that the testator at the time of his death was a resident of the state of New York. The Comptroller attempted to obtain from the executors an account of the testator's property not situated in this state. This the executors refused to supply, whereupon the appraiser reported to the court that the testator was a resident of the state of New York; that he had appraised the estate of the testator, so far as disclosed to him, subject to taxation, and specified the property and its value. He further reported that the testator died seised of other estate, both real and personal, but that the executors had declined to furnish the appraiser with a statement of the same, or to give testimony as to the character thereof, and that for that reason he was unable to make any report in respect thereto. He further reported that the deceased died on the 6th day of May, 1900; that he left a last will and testament, a copy of which was annexed to the report which was admitted to probate in the Surrogate's Court of New York county on the 12th day of June, 1900. Upon this report coming on before the Surrogate's Court for

hearing, the surrogate denied the motion to confirm the finding of the appraiser that the testator was at the time of his death a resident of the state of New York, and ordered that the question of such residence to be referred to a referee, who was directed to take the testimony in respect thereto, and to report the same, with his opinion thereon, to the court, and that the motion to remit the matter to the appraiser, to enable him to appraise all the assets of the decedent, await the determination of the surrogate upon the coming in of the report of the referee. The surrogate then fixed the value of the property within the state of New York and the tax payable thereon, and from this order the Comptroller appeals. He insists that the surrogate was bound to determine the question of the residence of the testator upon the testimony before the appraiser, and that he had no power to refer that question to a referee. I think it is quite clear from the evidence presented to the Comptroller that the surrogate was justified in refusing to confirm his report, so far as it held that the testator was a resident of the state of New York.

The only other question presented is whether the surrogate had power to appoint a referee to take and report the evidence upon this question of fact which he had to determine, or was bound to determine it on the evidence before the appraiser. Section 2546 of the Code provides that:

"In a special proceeding, other than one instituted for probate or revocation of probate of a will, the surrogate may, in his discretion, appoint a referee to take and report to the surrogate the evidence upon the facts, or upon a specific question of fact. * * * Such a referee has the same power and is entitled to the same compensation as a referee appointed by the Supreme Court, for the trial of an issue of fact in an action; and the provisions of this act, applicable to a reference by the Supreme Court, apply to a reference, made as prescribed in this section so far as they can be applied in substance without regard to the form of proceeding."

The appraiser had reported to the surrogate the property of the testator in this state which was subject to taxation. Counsel for the Comptroller had moved that the matter be sent back to the appraiser, to ascertain and report the property not in this state, but which would be subject to taxation if the testator was a resident of this state. The determination of this application depended upon the fact of the testator's residence at the time of his death. A question of fact was therefore presented to the surrogate for decision, and, under the section of the Code to which attention has been called, I think the surrogate had the authority to appoint a referee to take evidence upon that question of fact, upon the determination of which the motion of the Comptroller depends.

I think the order appealed from should be affirmed, with $10 costs and disbursements. All concur.